**COMMONWEALTH of Pennsylvania**

v.

**James Dale COOLEY.**

**Appeal of PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 13, 1998.

Decided Aug. 21, 1998.

Robert A. Greevy, Harrisburg, for Appellant.

No appearance entered for Appellee.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

The Board of Probation and Parole (Board) has filed an appeal from orders of the Court of Common Pleas of Erie County, Criminal Division (trial court). The first order appealed held the Board in contempt of Court and ordered the Board to return to James Dale Cooley (Cooley), the sum of $2,075.00 plus interest, that had been confiscated during a search of Cooley's residence. The second order appealed denied the Board's motion to vacate the order of contempt. We reverse the trial court's order that denied the Board's motion to vacate the contempt order and remand to the trial court for further proceedings.

The facts as indicated in the record are as follows. On October 13, 1995, Cooley was arrested by Board officers as a result of a technical parole violation and his house was searched incident to the arrest. During the search Board authorities seized what they believed to be illegal drugs, drug parapher-

nalia, two handguns and $2,075 in U.S. currency. Cooley was subsequently recommitted as a technical parole violator and no appeal was taken from this recommitment.

On October 26, 1995, subsequent to the parole violation arrest, the $2,075 that had been confiscated from Cooley during the search was forwarded by the Board to the Federal Drug Enforcement Agency for administrative forfeiture pursuant to 19 U.S.C. § § 1602–1619.[1] Notice of the forfeiture action was published on three dates, December 6, 13 and 20, 1995, in the *USA Today* newspaper. In addition, notice was mailed by certified mail to Cooley at his last known home address and to the Erie County prison. The certified notice mailed to his last known home address was returned, the notice sent to the prison was accepted by prison authorities.

On February 4, 1996, pursuant to 19 U.S.C. § 1609, the $2,075 was forfeited to the United States government because Cooley had not filed a claim and cost bond nor a petition for remission or mitigation of the property within the time period allowed by the statute.

On November 22, 1995, after the forfeiture proceedings had been initiated, Cooley was arrested and criminal charges were filed by Erie County. These charges arose from the October 13, 1995, search of Cooley's residence and the items found during the search. Cooley filed a motion to suppress the evidence found during the October 13 search. On May 10, 1996, Cooley's motion to suppress the evidence was granted, and on June 12, 1996, the criminal matter was nolle prossed. Cooley then filed a pro se motion pursuant to Pa.R.Crim.P. 324 for the return of the $2,075 in U.S. currency that was seized during the search of his residence. The motion was served upon the court and the District Attorney.[2] In response, the District Attorney of Erie County consented to the return of the property and no hearing was conducted.[3] As a result of the District Attorney's consent, the trial court, entered the following order:

> "AND NOW, TO WIT, this 13[th] day of September, 1996, inasmuch as the Commonwealth, by and through the Erie County District Attorney's Office, has consented to defendant's Motion Under Rule 324 for Return of Property (see letter of September 12, 1996 attached hereto and made a part hereof), it is hereby ORDERED that the sum of $2,075.00 confiscated pursuant to the search of defendant's residence be returned to him."

This order was not served upon the Board and, therefore, it was not complied with by the Board. In June 1997, Cooley's attorney filed a motion with the trial court to issue a rule to show cause why the "Commonwealth's Board of Probation and Parole" should not be held in contempt of the September 13, 1996, order. A contempt hearing was held on July 2, 1997. Again, the record does not indicate that the Board was served with a copy of Cooley's contempt motion nor did it receive notice of the contempt proceedings. On July 3, 1997, the trial court issued an order holding the Commonwealth (State Board of Probation and Parole), in contempt and ordered the return of the $2,075 plus interest. The Board was served with this order and it filed a motion to vacate the order of contempt. After a hearing, the motion was denied by the trial court on September 2, 1997. This appeal followed.

 The Board raises two arguments for our consideration.[4] First, it argues that

---

1. This statute, governing Customs Duties, in conjunction with 21 U.S.C. § 881, the Drug Abuse Prevention and Control Administrative and Enforcement Provisions, allows for the forfeiture to the United States government any money used or intended to be used to facilitate any violation of the Controlled Substances Act.

2. Cooley captioned the case as "Commonwealth of Pennsylvania v. James Dale Cooley". He mentioned the Board of Probation and Parole in the body of the motion but did not name the Board in the Motion's caption.

3. The record does not indicate that the Board was served with Cooley's motion for the return of his property nor did the Board receive a copy of the District Attorney's response.

4. Essentially, this is an appeal from an order in a case involving a return of property pursuant to Pa.R.Crim.P. 324. This Court has the authority to hear appeals from orders disposing of motions

**30**

as a named party in the proceedings it did not receive pleadings or documentation as would have been required pursuant to Pa. R.Crim.P. 9023 and 9024 governing service and notice of court proceedings, and therefore, it should not be held in contempt. Second, the Board argues that Pa.R.Crim.P. 324 cannot be used to collaterally challenge the forfeiture of derivative contraband to the United States government which forfeiture occurred under federal law. We must agree with the Board that it did not receive proper notice of the proceedings below and as such cannot be held in contempt.

Pa.R.Crim.P. 9023 and 9024 governing service and notice of court proceedings requires that all written motions, and any document for filing as well as any notice of a court proceeding requiring a defendant's presence, shall be served by personal delivery to the defendant or the defendant's attorney, or by leaving a copy for or mailing a copy to the defendant or the defendant's attorney, or by sending a copy to the defendant by certified, registered, or first class mail addressed to the defendant's place of residence, business, or confinement. It is evident from the record that the Board did not receive proper notice of Cooley's motion for return of the money or the September 13, 1996, order directing the return of the $2,075 to Cooley, although the Commonwealth was named as a party. It is also evident from the record that the Board was not served with Cooley's contempt motion although named as a party, nor did it receive notice of the July 2, 1997, contempt hearing as required by the rules. It appears that the Board had not been properly notified of any of the proceedings until is was served with the July 3, 1997, contempt order.

Accordingly, since the Board was not afforded the proper service or notification as mandated by Rules 9024 and 9025, the case must be remanded to allow the Board to

present on the record its testimony, evidence and arguments in response to Cooley's motion for the return of the $2,075.[5]

### ORDER

AND NOW, this 21 st day of August, 1998, the order of the Court of Common Pleas of Erie County, Criminal Division, denying the motion to vacate the July 3, 1997, contempt order, docketed on September 2, 1997, is reversed. The July 3, 1997, contempt order is vacated and the case is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

for the return of property pursuant to Rule 324. In such cases our review is limited to examining whether the findings of fact made by the trial court are supported by competent evidence, and whether the trial court abused its discretion or committed an error of law. *In re One 1988 Toyota Corolla (Blue Two–Door Sedan) Pa. License TPV 291*, 675 A.2d 1290 (Pa.Cmwlth.1996).

**5.** Because we have disposed of this case on the issue of notice, we will not address the merits of the Board's argument that Rule 324 cannot be used to collaterally challenge the forfeiture of derivative contraband to the U.S. Government.