**Victor Carroll STAPLES**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 7, 1998.

Decided Sept. 30, 1998.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Jack W. Cline, Mercer, for appellee.

Before McGINLEY and PELLEGRINI, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The Pennsylvania Department of Transportation (Department) appeals an order of the Mercer County Court of Common Pleas that sustained the appeal of Victor Carroll Staples from a one-year suspension of his operating privilege.[1]

By notice dated July 2, 1997, the Department informed Staples:

---

**1.** Our scope of review is limited to determining whether findings of fact are supported by substantial, competent evidence and whether the trial court committed an error of law or abuse of

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from OHIO of your conviction on 04/14/1997 of an offense which occurred on 03/12/1997, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 1532B of the Vehicle Code.

The effective date of suspension is 07/25/1997, 12:01 a.m.

Section 1581 of the Vehicle Code, 75 Pa. C.S. § 1581, to which the Department's notice referred, is the legislative enactment of the interstate Driver's License Compact (Compact) into which the Commonwealth entered with other jurisdictions on December 10, 1996. Article III of the Compact provides the following:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

Article IV of the Compact provides that "the licensing authority in the home state [i.e., the Department here in Pennsylvania]...shall give effect to the conduct reported...as it would if such conduct had occurred in the home state" in cases of convictions for driving a motor vehicle under the influence of intoxicating liquor.

its discretion. *Department of Transportation, Bureau of Driver Licensing v. Scott*, 546 Pa. 241, 684 A.2d 539 (1996).

On receipt of the notice of his suspension, Staples timely challenged it in common pleas court. The court sustained his appeal. On appeal from the common pleas court's decision, the Department raises one question for this Court's disposition.

The Department argues that the failure of Ohio to include all of the information set forth in Article III of the Compact in its conviction report does not prevent the Department from complying with its mandatory duty under Article IV of the Compact to suspend Staples' operating privilege. The common pleas court sustained Staples' appeal because the report from Ohio did not conform to the requirements of Article III. Although the report identified Staples and the court in which he was convicted, it did not specify the section of the statute, code, or ordinance violated, and it did not identify what plea was entered or if the conviction resulted from the forfeiture of security.

The Department argues that it did not matter that, at the time it suspended Staple's operating privilege, it did not have the information required by Article III, because the word shall in that article is merely directory. According to the Department, the common pleas court erred when it reasoned that the presence of the word "shall" in Article II meant that the report of the Ohio conviction must have contained the information specified in Article III.

 We agree with the common pleas court that the word shall in Article III is mandatory. This Court and the Supreme Court have recently held that by definition the word shall is mandatory. *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148 (1997); *Frank J. Mazurek v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing*, 717 A.2d 23 (Pa.Cmwlth.1998). Thus, the report of conviction must contain (1) the identity of the person convicted; (2) a description of the violation including the section of the statute, code, or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or whether the conviction resulted from a forfeiture of security. *Id.* In this

case, the report did not contain the second and fourth requirements.

Accordingly, we will affirm the common pleas court's decision.

### ORDER

AND NOW, this 30th day of September, 1998, the order of the Mercer County Court of Common Pleas, dated December 23, 1997, at No. 1997–2538 is hereby affirmed.