**Michael ELLIS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 9, 1998.
Decided June 24, 1999.

Shawn M. Stevenson, Pittsburgh, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge, Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before FLAHERTY, J., LEADBETTER, J., and NARICK, Senior Judge.

LEADBETTER, Judge.

Appellant Michael Ellis appeals from an order of the Court of Common Pleas of Allegheny County (trial court) dismissing his statutory appeal of a one year suspension of his operating privilege.

Pursuant to the Driver's License Compact (Compact), Section 1581 of the Vehicle Code, 75 Pa.C.S. § 1581,[1] the Department of Transportation (Department) suspended Ellis' operating privilege for one year after it received notice from the state of Wyoming that Ellis had pleaded guilty to violating Wyoming's driving under the influence (DUI) statute, Wyo. Stat. § 31–5–233,[2] on July 16, 1997. Specifically, Ellis was convicted of violating the subsection of Wyoming's DUI statute that proscribes driving with a blood alcohol concentration of 0.10% or more [§ 31–5–233(b)(i) ]. Ellis appealed to the trial court. At the hearing before the trial court, the Department introduced a certified copy of the "Abstract of Court Record" (Abstract) transmitted by the Wyoming court to the Department, which set forth Ellis' violation and guilty plea.[3]

---

1. Article III of the Compact provides in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." 75 Pa.C.S. § 1581. Article IV of the Compact requires the home state, for purposes of license suspensions or revocations, to give the same effect to the conduct reported under Article III that would be given if the conduct had occurred in the home state. *Id.*

2. Wyo. Stat. § 31–5–233(b) provides, in pertinent part:

No person shall drive or have actual physical control of any vehicle within this state if the person:

(i) Has an alcohol concentration of ten one-hundredths of one percent (0.10%) or more; or

(ii) To a degree which renders him incapable of safely driving:

(A) Is under the influence of alcohol;

(B) Is under the influence of a controlled substance; or

(C) Is under the influence of a combination of any of the elements named in subparagraphs (A) and (B) of this paragraph.

3. The Abstract contains the following information: case number; court; docket number; judge; citation number; defendant's name, address, social security number, date of birth, sex, race, height, weight, hair and eye color and blood alcohol content; statute number; description of offense; location of offense; date of violation; agency, badge number and name of arresting officer; vehicle license number; car make, year and color; date of guilty plea, guilty disposition and sentencing; fine amount; costs; probation information; and the certification and signature of the judge/clerk.

The trial court dismissed Ellis' appeal. This appeal followed. Ellis claims that (1) the Compact does not apply to the offense of driving with a blood alcohol concentration of 0.10% or more, and (2) the Abstract transmitted from Wyoming to the Department did not comply with the mandates of the Compact.

Ellis' first argument is that DUI offenses based solely on a driver's blood alcohol concentration do not fall within the purview of the Compact. He asserts that the Department may suspend a Pennsylvania driver's operating privilege only where the driver has been convicted in another state of an offense that is substantially similar to driving "under the influence ... to a degree which renders the driver incapable of safely driving," [or some other offense enumerated in 75 Pa.C.S. § 1581(a)] and that the Wyoming offense of driving with a blood alcohol content of 0.10% or more does not meet this standard. We disagree. As enacted, Article IV of the Compact provides:

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

(1) manslaughter or negligent homicide resulting from the operation of a motor vehicle;

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;

(3) any felony in the commission of which a motor vehicle is used; or

(4) failure to stop and render aid in the event of a motor vehicle accident resulting in the death or personal injury of another.

(b) As to other convictions, reported pursuant to Article III, the licensing authority in the home state shall give such effect to the conduct as is provided by the laws of the home state.

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a substantially similar nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

75 Pa.C.S. § 1581.

■ If we were dealing with the Compact as enacted, subsection (b) would provide the end to our inquiry, for there is no dispute that the DUI statutes of both Pennsylvania and Wyoming prohibit the identical conduct of driving with a blood alcohol content of 0.10% or more. However, Section 10 of the Act of Dec. 10, 1996, P.L. 925 [which contains, *inter alia*, the Compact] provides that "[i]n recognition of the technical and administrative limitations under which the Department of Transportation is currently operating, the effective date of 75 Pa.C.S. § 1581 Art. IV(b) shall be suspended until the repeal of this section." [4] Since Section 10 has never been repealed, subsection (b) has never become effective. Nonetheless, an understanding of the entire statutory scheme informs our interpretation of those provisions currently in effect. Under this scheme, the home state licensing authority was charged to accord the same collateral effect to a foreign conviction as to a local one in two instances: 1) where the conviction is based upon conduct prohibited by the two mem-

---

**4.** It may be noted that the Compact, as it is published at 75 Pa.C.S. § 1581, contains sub-

section (b) and does not contain Section 10.

ber states in substantially identical or equivalent statutes [subsection (b)], or 2) where both states prohibit conduct substantially similar to one of the offenses enumerated in subsection (a) and the conviction arises therefrom [subsections (a) and (c)]. Plainly, the "substantially similar" statutory language of subsection (c) permits a more relaxed standard of comparison than that prescribed by subsection (b). Substantial similarity is satisfied where the statutes under comparison proscribe the same general conduct, notwithstanding the fact that the statutes may require differing degrees of culpability. *Commonwealth v. Robertson*, 555 Pa. 72, ——, 722 A.2d 1047, 1052 (1999)(opinion in support of reversal).[5]

■ With this background, it is abundantly clear that comparing "operating a motor vehicle with a blood alcohol content of 0.10%" with "driving a motor vehicle while under the influence of intoxicating liquor ... to a degree which renders the driver incapable of safely driving...." satisfies the substantial similarity test described above. Moreover, our Supreme Court has stated that "[i]t is clear that ... the Pennsylvania legislature[ ] view[s] driving with a 0.10% level of alcohol in the blood to be inherently unsafe." *Robertson*, 722 A.2d at 1051 (opinion in support of affirmance).[6] Further, in *Commonwealth v. Mikulan*, 504 Pa. 244, 250–51, 470 A.2d

1339, 1342 (1983) that court determined that 75 Pa.C.S. § 3731(a)(4) rationally and reasonably furthers the Commonwealth's compelling interest in protecting highway travelers against drunk drivers, and quoted with approval the American Medical Association policy statement that blood alcohol content of 0.10% should be accepted as prima facie evidence of intoxication and testimony that an individual with 0.10% blood alcohol content is incapable of safe driving. Similarly, the Supreme Court of Wyoming has specifically concluded that driving with a blood alcohol content of 0.10% or greater is an offense substantially similar to the offense of driving while under the influence of alcohol. *Wylie v. Wyoming Dep't of Transp.*, 970 P.2d 395 (Wyo.1998). Because Wyo. Stat. § 31–5–233(b)(i) is substantially similar to 75 Pa. C.S. § 3731(a)(1) and to Article IV(a)(2) of the Compact, Pennsylvania must give the same effect to Ellis' conviction as if the conduct had occurred in Pennsylvania.

As to Ellis' second argument, Article III of the Compact[7] requires that the data transmitted by the sending state include: "(1) the identity of the person convicted; (2) a description of the violation including the section of the statute, code or ordinance violated; (3) the identity of the court in which the person was convicted; and (4) an indication of the plea or of whether the conviction resulted from a forfeiture of

---

**5.** In his opinion in support of reversal in *Robertson*, joined in by two other justices, Justice Cappy includes a discussion of the distinction between "substantially similar" and "equivalent" within the meaning of the repeat offender sentencing provisions of 75 Pa.C.S. § 3731(e)(1)(iv).

**6.** Section 3731(a) of the Vehicle Code, 75 Pa.C.S. § 3731(a), provides in pertinent part:
A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:
(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.
....
(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater[.]

**7.** Article III of the Compact provides:
The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.
75 Pa.C.S. § 1581.

security." *Mazurek v. Department of Transp., Bureau of Driver Licensing,* 717 A.2d 23, 25 (Pa.Cmwlth.1998). In this case, the Wyoming abstract contained, *inter alia,* the following information concerning Ellis' offense:

| Case No. | :CT–9701–0014 | Docket No. | :CT–9701–0014 | Citation No. | :32432 U |
| Court | :JPJAC | Judge | :KUVINKA/ GEORGE R. | | |

\* \* \*

| Statute No. | :31–5–233 b i | | | Add'l Info: | |
| Description | :DRIVE VEH W/.10% BAC OR HIGHER | | | | |
| Filed On | :010897 | Location | :BUFFALO INN | | |
| Date of Vio | :010797 | City/Town | :JACKSON | | |
| Time of Vio | :0005 | Recorded | : | Posted | : |
| Agency | :JPO | Badge | :0630 | Name | :Shaw/Gary |

\* \* \*

INITIAL APPEARANCE ON:012397 NO TRIAL
SENTENCE ENTERED ON 071797
GUILTY PLEA ENTERED ON 071697 GUILTY DISPOSITION ON 071797

R.R. 18a (The abstract also contained information regarding Ellis, his vehicle and his sentence).

 Ellis argues that the abstract does not properly identify the court in which he was convicted because the name of the court is abbreviated. While we have held that the demands of Article III are mandatory,[8] we have not imposed particular requirements regarding the *format* in which the necessary data must be conveyed, and we believe we must be guided by common sense in this regard. The purpose for identifying the court in which the conviction occurred is to make it possible for the licensing authority of the home state or the licensee to obtain further information regarding the conviction should that be necessary in connection with the license revocation proceedings in the home state. To this end, it is entirely irrelevant whether the abbreviation used to identify the court (or even its full name) would be known to a lay person, or for that matter to counsel, in a distant jurisdiction. Here, the designation JPJAC (presumably justice of the peace of Jackson), along with the Judge's name, the location, and the docket and case numbers provides ample information to one seeking to locate and possibly subpoena court records. Therefore, we conclude that the manner in which the court is identified in the Wyoming abstract satisfies the requirements of the Compact.

The order of the trial court is affirmed.

### ORDER

AND NOW, this 24th day of June, 1999, the order of the Court of Common Pleas of Allegheny County in the above captioned matter is hereby affirmed.

---

**8.** *Mazurek,* 717 A.2d at 25; *Staples v. Department of Transp., Bureau of Driver Licensing,* 718 A.2d 892, 894 (Pa.Cmwlth.1998).