Michael BARRETT, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 2, 1999.

Decided Jan. 31, 2000.

As Amended March 8, 2000.

Daniel J. Barrett, Athens, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Chief Counsel, Harrisburg, for appellee.

Before DOYLE, President Judge,
COLINS, J., and LEADBETTER, J.

DOYLE, President Judge.[1]

Michael Barrett appeals an order of the Bradford County Court of Common Pleas upholding the Department of Transportation, Bureau of Driver Licensing's (Department), suspension of Barrett's motor vehicle operating privileges.

On December 22, 1997, Barrett was convicted in New York of driving with a blood alcohol concentration (BAC) of .10 percent or more, in violation of New York's Driving While Under the Influence (DWI) statute. N.Y. Veh. & Traf. Law § 1192(2).

By notice dated April 9, 1998, the Department informed Barrett as follows:

Section 1581 of the Vehicle Code requires the Department to treat certain out of state convictions as though they had occurred in Pennsylvania. Therefore, as a result of the Department receiving notification from NEW YORK of your conviction on 12/22/1997 of an offense which occurred on 12/19/1997, which is equivalent to a violation of Section 3731 of the Pa. Vehicle Code, DRIVING UNDER THE INFLUENCE, your driving privilege is being SUSPENDED for a period of 1 YEAR(S), as amended by Section 1532B of the Vehicle Code.[2]

After a hearing, the Common Pleas Court sustained Barrett's suspension, find-ing New York's DWI offense to be "substantially similar" to Pennsylvania's Driving Under the Influence (DUI) offense for purposes of Article IV of the Driver License Compact of 1961 (Compact). Barrett appeals that decision.

On appeal, Barrett argues that because Pennsylvania, in enacting the Compact, omitted Article IV(b) of that Compact, a suspension cannot be based on an out-of-state offense such as his, where impairment by alcohol is not proven.[3]

The relevant *enacted* portions of Article IV are set forth below:

(a) the licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

. . . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which *renders the driver incapable of safely driving a motor vehicle. . . .*

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article

---

1. This case was reassigned to the author on September 10, 1999.

2. Section 1581 of the Vehicle Code (Code), 75 Pa.C.S. § 1581, sets forth the Driver's License Compact of 1961. Section 1532(b)(3) of the Code, 75 Pa.C.S. § 1532(b)(3), provides that the Department shall suspend a driver's operating privilege for one year upon receiving a certified record of that driver's conviction of Section 3731 of the Code, 75 Pa.C.S. § 3731 (driving under influence of alcohol or controlled substance).

3. Our standard of review of a common pleas court decision in a license suspension appeal is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law was committed, or the court abused its discretion. *Com., Department of Transportation, Bureau of Driver Licensing v. Fellmeth,* 108 Pa.Cmwlth. 172, 528 A.2d 1090 (1987).

as being applicable to and identifying those offenses or violations of *substantially similar nature* and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

(Emphasis added.)

Article IV(b) states that *"[a]s to other convictions,* reported pursuant to Article III, the licensing authority in the home state shall give such effect to the conduct as is provided by the laws of the home state." Compact Article IV(b) (emphasis added). The Pennsylvania legislature suspended Article IV(b) because of the "technical and administrative limitations, under which the Department of Transportation is currently operating. . . ." Section 10 of the Act of Dec. 10, 1996, P.L. 925, *as amended.* Barrett argues that by excluding this language, the legislature intended to bar out-of-state convictions for *per se* violations such as his. Barrett's reliance on Article IV(b) is misplaced.

This court addressed a similar issue in *Ellis v. Com., Department of Transportation, Bureau of Driver Licensing,* 732 A.2d 1290 (Pa.Cmwlth.1999). In *Ellis,* the Licensee argued that DUI offenses based solely on a driver's blood alcohol concentration did not fall within the purview of the Compact because, under the Compact, a Pennsylvanian's driver's operating privilege could only be taken away if he committed an offense substantially similar to driving under the influence "to a degree which renders the driver incapable of safely driving." *Id.* 732 A.2d at 1292, *quoting* 75 Pa.C.S. § 3731. There, this Court rejected Licensee's argument, reasoning that

[a]n understanding of the entire statutory scheme [confirms] our interpretation of those provisions currently in effect. Under this scheme, the home state licensing authority was charged to accord the same collateral effect to a foreign conviction as to a local one in two instances: 1) where the conviction is based upon conduct prohibited by the

two member states in substantially identical or equivalent statutes [subsection (b) ] or 2) where both states prohibit conduct substantially similar to one of the offenses enumerated in subsection (a) and the conviction arises therefrom [subsections (a) and (c) ]. Plainly, the "substantially similar" statutory language of subsection (c) permits a more relaxed standard of comparison than that prescribed by subsection (b).

(Parenthesis in original.) (Citations omitted.)

In light of the above, we must determine whether the language of New York's DWI statute is substantially similar to Pennsylvania's DUI statute. New York's DWI statute provides:

§ 1192. **Operating a motor vehicle while under the influence of alcohol or drugs**

2. Driving while intoxicated; per se. No person shall operate a motor vehicle while such person has .10 of one per centum or more by weight of alcohol in the person's blood. . . .

N.Y. Veh. & Traf. Law § 1192(2). By comparison, Pennsylvania's DUI statute provides:

§ 3731. **Driving under influence of alcohol or controlled substance.**

**(a) Offense Defined**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

. . . .

**(4) While the amount of alcohol by weight in the blood of:**

(i) **an adult is 0.10% or greater;** . . . .

75 Pa.C.S. § 3731(a)(4) (emphasis added).

In *Ellis,* this Court was presented with a Wyoming statute that prohibited driving with a blood alcohol content of .10 percent.

This court held the two statutes to be substantially similar. It based its holding, in part, on the Pennsylvania Supreme Court decisions in *Commonwealth v. Robertson*, 555 Pa. 72, 722 A.2d 1047 (1999) (Opinion in support of affirmance) and *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983). Specifically, this Court in *Ellis* said:

> Our Supreme Court has stated that '[I]t is clear that ... the Pennsylvania legislature ... view[s] driving with a .10% level of alcohol in the blood to be inherently unsafe.' *Robertson*, 722 A.2d at 1051 (opinion in support of affirmance). Further, in *Commonwealth v. Mikulan*, 504 Pa. 244, 250–251, 470 A.2d 1339, 1342 (1983) that court determined that 75 Pa.C.S. § 3731(a)(4) rationally and reasonably furthers the Commonwealth's compelling interest in protecting highway travelers against drunk drivers, and quoted with approval the American Medical Association policy statement that blood alcohol content of 0.10% should be accepted as prima facie evidence of intoxication and testimony that an individual with 0.10% blood alcohol content is incapable of safe driving.

*Id.* 732 A.2d at 1293.

Barrett would have this Court hold that the Department cannot proceed under the Compact because the New York statute in question enumerates a *per se* violation based on evidence of blood alcohol content, whereas our Pennsylvania statute enumerates a conviction that can be based on rebuttable, *prima facie* evidence. However, for purposes of comparing the two statutes to ascertain whether they proscribe conduct of a substantially similar nature, *Ellis* makes it clear that such a distinction is not material. Based on our decision in

*Ellis*, we find New York's DWI statute, N.Y. Veh. & Traf. Law § 1192(2), to be substantially similar to Pennsylvania's DUI offense, 75 Pa.C.S. § 3731(a)(4).[4] Accordingly, for purposes of Article IV of the Compact, Pennsylvania must give the same effect to Barrett's New York conviction as if the conduct had occurred in Pennsylvania.

For the reasons set forth, the order of the Court of Common Pleas of Bradford County is affirmed.

### *O R D E R*

**AND NOW**, January 31, 2000, the order of the Court of Common Pleas of the 42 Judicial District, Bradford County, at No. 98DL000248, filed December 17, 1998, is hereby affirmed.

---

4. Our decision today is distinguishable from *Olmstead v. Com., Department of Transportation, Bureau of Driver Licensing*, 677 A.2d 1285 (Pa.Cmwlth.1996). That case dealt with New York statute § 1192(1), Driving While Ability Impaired, which provides that "[n]o person shall operate a motor vehicle while the person's ability to operate such motor vehicle **is impaired** by the consumption of alcohol" (emphasis added), which was interpreted by this Court to mean **any** impairment. Hence, we found the statutes not to be substantially similar. *See also Petrovick v. Com., Department of Transportation, Bureau of Driver Licensing*, 559 Pa. 614, 741 A.2d 1264 (1999). The New York Statute before us today, by contrast, is virtually identical to the language in Section 3731(a)(4) of the Vehicle Code.