722 A.2d 1047

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Granvel Eugene ROBERTSON, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued April 30, 1998.

Decided Jan. 27, 1999.

John M. Crabbs, Hanover, for Granvel Eugene Robertson, Jr.

Joseph C. Adams, Asst. Dist. Atty., for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## ORDER

PER CURIAM:

The Court being equally divided, the Order of the Superior Court is AFFIRMED.

Justice SAYLOR did not participate in the consideration or decision of this case.

Justice CASTILLE files an opinion in support of affirmance in which Justice NIGRO and Justice NEWMAN join.

Justice CAPPY files an opinion in support of reversal in which Chief Justice FLAHERTY and Justice ZAPPALA join.

## OPINION IN SUPPORT OF AFFIRMANCE

CASTILLE, Justice.

The issue in this appeal is whether the 1988 version of the Maryland crime of driving while intoxicated ("DWI") as set forth in Md.Code Transp. § 21–902(a), is an "equivalent offense" to the Pennsylvania crime of driving under the influence of alcohol ("DUI"), 75 Pa.C.S. § 3731, for the purpose of sentencing appellant as a repeat offender pursuant to 75 Pa.C.S. § 3731(e)(iv). The decision of the Superior Court should be affirmed because the two statutes constitute equivalent offenses.

The facts relevant to this appeal are as follows: On April 23, 1994, at approximately 2:00 a.m., Officer Edwin J. Schneider observed appellant's vehicle weaving and crossing the center lines on Route 94 in York County. After stopping the vehicle, Officer Schneider noticed that appellant had an odor of alcohol on his breath and that his eyes were watery. The officer asked appellant if he had been consuming alcohol and appellant answered in the affirmative. Appellant failed three field sobriety tests: a finger-to-nose test, a walk-and-turn test and

a portable breathalyzer test. A blood test later revealed that appellant's blood alcohol level was .22%.

Following a bench trial, appellant was found guilty of DUI and related traffic offenses.[1] At the sentencing hearing on December 4, 1995, appellant's Maryland driving record (which included, *inter alia*, three convictions for DWI), was admitted into evidence. The trial court sentenced appellant as a repeat offender to a minimum of one year to two years' imprisonment and ordered him to pay a fine of $500 on the DUI charge.[2] The Superior Court affirmed. Appellant now claims that the trial court erred in sentencing him as a recidivist because his prior Maryland offenses are not equivalent to the Pennsylvania offense.

At the time of this crime, the Pennsylvania DUI statute provided

**(a) Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving;

. . . .

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater;

. . . .

**(e) Penalty.**—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree, and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

. . . .

(iv) Not less than one year if the person has three times previously. been convicted of, adjudicated delinquent or granted a consent decree under the Juvenile Act based on

---

1.  The other offenses included failure to keep right, 75 Pa.C.S. § 3301 and restrictions on driver's license, 75 Pa.C.S. § 1512.

2.  Appellant was fined $50.00 for the remaining offenses.

an offense under this section **or of an equivalent offense in this or other jurisdictions within the previous seven years.**[3]

75 Pa.C.S. § 3731(e)(1)(iv) (emphasis added). The sole issue on appeal is whether the three offenses for which appellant was convicted under Maryland's DWI statute are "equivalent" to the offense for which he was convicted under Pennsylvania's DUI statute.

This Court has not had occasion to set forth the criteria to be used when determining whether two offenses are equivalent for purposes of the Pennsylvania DUI statute. However, in *Commonwealth v. Bolden,* 367 Pa.Super. 333, 532 A.2d 1172 (1987), the Superior Court examined the issue of whether a Colorado conviction for attempted second-degree burglary was equivalent to Pennsylvania's criminal attempt offense for purposes of calculating the defendant's prior record score for sentencing purposes. The Superior Court noted that the fundamental inquiry in determining whether offenses were equivalent to one another is whether the elements of the offenses are equivalent. *Id.* 367 Pa.Super. at 341, 532 A.2d at 1177. The court stated:

[A] sentencing court (must) carefully review the elements of the foreign offense in terms of the classification of the conduct proscribed, its definition of the offense, and the requirements of culpability. Accordingly, the court may want to discern whether the crime is *malum in se* or *malum prohibitum,* or whether the crime is inchoate or specific. If it is a specific crime, the court may look to the subject matter sought to be protected by the statute, e.g., protection of the person or protection of the property. In so doing, the court should identify the requisite elements of the crime—the *actus reus* and *mens rea*—which forms the basis of liability.

Having identified these elements of the foreign offense, the court should turn to the Pennsylvania Crimes Code for the

**3.** A 1995 amendment to subsection (e)(1) provides that a person convicted of a third or subsequent offense is guilty of a first-degree misdemeanor.

purposes of determining the equivalent Pennsylvania offense. **An equivalent offense is that which is substantially identical in nature and definition as the out-of-state or federal offense when compared to the Pennsylvania offense.**

*Id.* 367 Pa.Super. at 338–39, 532 A.2d at 1175–76. In *Commonwealth v. Whisnant*, 390 Pa.Super. 192, 568 A.2d 259 (1990), using the approach articulated in *Bolden*, the Superior Court determined that a defendant's prior New Jersey DUI convictions were equivalent offenses for purposes of sentencing the defendant as a repeat offender in Pennsylvania because the elements of the Pennsylvania and New Jersey offenses were substantially identical. In addition to finding that the elements were similar, the court reasoned that:

> The prohibited conduct, as well as the underlying public policy, of the ... criminal statutes at issue in this case are the same. Consequently, the trial court did not err in treating them as equivalent offenses for the purposes of sentencing the appellant. To do otherwise would result in the precise unfairness the legislature sought to remedy when it enacted 75 Pa.C.S. § 3731(e)(1). Namely, the appellant would be treated as a first offender only because he had committed his previous crimes in another jurisdiction.

*Id.*, 390 Pa.Super. at 195, 568 A.2d at 260–61. We endorse the Superior Court's approach of comparing not only the elements of the crimes, but also comparing the conduct to be prohibited and the underlying public policy of the two statutes. Consequently, we hereby adopt that approach as the method to be used when determining whether a defendant was properly sentenced as a recidivist offender under the Pennsylvania DUI statute.

At the time of appellant's Maryland convictions, Section 21–902 of the Transportation Article of the Maryland Vehicle Law read, in pertinent part:

**§ 21–902. Driving while intoxicated, under the influence of alcohol, or under the influence of a drug, a combina-**

**tion of alcohol and a drug, or a controlled dangerous substance.**

(a) Driving while intoxicated.—A person may not drive or attempt to drive any vehicle while intoxicated.[4]

(b) Driving while under the influence of alcohol.—A person may not drive or attempt to drive any vehicle while under the influence of alcohol.

(c) Driving while under influence of drugs or drugs and alcohol.—(1) A person may not drive or attempt to drive any vehicle while he is so far under the influence of any drug, any combination of drugs, or a combination of one or more drugs and alcohol that he cannot drive a vehicle safely.

Here, appellant was convicted of driving while intoxicated pursuant to section 21–902(a). A comparison of the elements of the two statutes as they existed at the time of appellant's offenses reveals that, in 1994, a person was guilty of DUI in Pennsylvania, *inter alia*, if he drove, operated or was in physical control of the movement of any vehicle: (1) while under the influence of alcohol to a degree which rendered him incapable of safe driving; or (2) while the amount of alcohol by weight in the blood of the person was 0.10% or greater. 75 Pa.C.S. § 3731(a)(1),(4). In 1988, a person was guilty of driving while intoxicated in Maryland simply if he drove or attempted to drive any vehicle while intoxicated. Md.Code. Transp. § 21–902(a).[5]

4. In 1995, years after appellant's 1988 Maryland convictions, section 21–902(a) was amended as follows:

(a) Driving while intoxicated.—(1) A person may not drive or attempt to drive any vehicle while intoxicated.

(2) A person may not drive or attempt to drive any vehicle while the person has an alcohol concentration of 0.10% or more as measured by grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath as determined at the time of testing.

At the time of appellant's Maryland convictions, an alcohol concentration of 0.10% or more, as determined by an analysis of the person's blood or breath, was *prima facie* evidence of intoxication. *See* Md.Code Ann., Cts. & Jud. Proc. § 10–307(e). Subsection § 10–307(e) was deleted when the 1995 amendment to the driving while intoxicated statute was enacted.

5. Both statutes also contain provisions relating to controlled substances; however, those provisions are not at issue in the case *sub*

Appellant argues that the Maryland offense of driving while intoxicated, as defined at the time of his Maryland offenses, is not equivalent to the Pennsylvania offense of driving under the influence of alcohol because section 3731(a)(1) of the Pennsylvania statute expressly required proof that a person was incapable of safe driving and section 21–902(a) to the Maryland statute did not contain such a requirement. At first glance, it appears that support for appellant's argument may be found in *Eck v. Commonwealth Dep't of Transp. Bureau of Driver Licensing*, 713 A.2d 744 (Pa.Commw.1998), where the Commonwealth Court compared the Maryland offense of driving under the influence of alcohol to the Pennsylvania DUI statute for purposes of suspending the appellee's license pursuant to the Driver License Compact ("Compact") of 1961, 75 Pa.C.S. § 1532(b)(3) and § 1581, Article IV. In *Eck*, the appellee had been convicted in Maryland for driving under the influence of alcohol pursuant to Md.Code Transp. § 21–902(b). Maryland, a party to the Compact, reported the conviction to the Pennsylvania Department of Transportation, Bureau of Driver Licensing ("DOT"), which suspended the appellee's operating privileges. On appeal, the Commonwealth Court found that the appellee's privileges had been improperly suspended. The court determined that the appellee's conduct would not have resulted in criminal liability under Pennsylvania law because appellee had been convicted under subsection (b) of the Maryland law, under which the use of any amount of alcohol would support a conviction of driving under the influence of alcohol. The court noted that Pennsylvania has no essentially similar offense, because the Pennsylvania statute requires a person to be under the influence of alcohol to a degree which renders the person incapable of safe driving.

The Commonwealth Court specifically noted, however, that: **"Pennsylvania's DUI statute is more akin to the Maryland offense of driving while intoxicated (DWI), Md.Code Transp. § 21–902(a)."** *Id.* at 745 (emphasis added). Al-

*judice*, as there is no proof that appellant consumed any substance other than alcohol.

though the appellee in *Eck* was convicted under the 1997 version of section 21–902(a), which contained language not present at the time of the instant appellant's offenses,[6] the finding of the Commonwealth Court, that subsection (a) of the Maryland statute is akin to Pennsylvania's DUI offense, is persuasive.

First, the elements of Maryland's 1988 DWI law and Pennsylvania's 1994 DUI law, although not identical, are substantially similar, as the prohibited conduct, drunk driving, was the same in Maryland as in Pennsylvania. Both statutes required the defendant to have been in actual or physical control of the vehicle. Both statutes required the consumption of alcohol. Further, although to a different degree, both required an impairment in physical condition as a result of the consumption of alcohol.

The two statutes are not divergent simply because a showing that the person was incapable of unsafe operation of a motor vehicle was not a necessary element of proof in a prosecution under section 21–902(a) in 1988. *See* 68 Op. Att'y Gen. 441, 445 (1983) (explaining the necessary elements of proof under section 21–902). While section 3731(a)(1) of the Pennsylvania statute did require such a showing as an element of the offense and Maryland required only a showing of intoxication, we fail to see how this renders the statutes so different that appellant cannot be said to be a repeat offender. Appellant fails to explain, and we fail to comprehend, how a person could be intoxicated and yet be capable of safe operation of a motor vehicle.

Further, to hold that appellant was improperly sentenced as a repeat offender would be to ignore the underlying public policy behind the criminal statutes. Both the Maryland and Pennsylvania statutes sought to protect the public from individuals who drank to the point of substantial impairment and

6. The statute had been amended to include language that "a person may not drive or attempt to drive any vehicle while the person has an alcohol concentration of 0.10 or more as measured by grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath as determined at the time of testing."

then operated a motor vehicle. As the Superior Court noted in *Whisnant,* to find that statutes so similar in nature were not equivalent "would draw irrational distinctions between individuals guilty of the same criminal act and would work to defeat the purpose of the Pennsylvania statute to discourage repeated DUI offenses by the same offender." *Whisnant,* 390 Pa.Super. at 195, 568 A.2d at 261 (quoting Trial Ct. Op., February 14, 1989 at 4).

Appellant further argues that Pennsylvania's 1994 DUI statute required a showing of a blood alcohol level of 0.10% or greater as an element of proof of the offense of DUI. He reasons that, because Maryland's 1988 statute had no such requirement, the two statutes cannot be held to be equivalent. This argument is not persuasive. In 1994, a blood alcohol content of 0.10% or greater was a *per se* violation of the Pennsylvania DUI statute. In 1988, at the time of appellant's Maryland convictions, an alcohol concentration of 0.10% or more, as determined by an analysis of the person's blood or breath, was *prima facie* evidence of intoxication. Md.Code Ann., Cts. & Jud. Proc. § 10–307(e). Although the presumption was not a specific element of the crime, it did provide a mechanism by which a defendant could be found guilty of driving while intoxicated. It is clear that both the Maryland and Pennsylvania legislatures viewed driving with a 0.10% level of alcohol in the blood to be inherently unsafe. This Court should not circumvent the Pennsylvania legislature's intent to punish repeat offenders, regardless of where the offenses originated, on this basis.

Accordingly, appellant was properly sentenced as a repeat offender and the decision of the Superior Court should be affirmed.

This opinion in support of affirmance is joined by Justice NIGRO and Justice NEWMAN.

### OPINION IN SUPPORT OF REVERSAL

CAPPY, Justice.

I believe that the Opinion in Support of Affirmance erroneously adopts a policy driven approach to determining whether

a prior conviction in another jurisdiction constitutes an equivalent offense for purposes of applying the mandatory recidivist sentencing provisions of 75 Pa.C.S. § 3731. For the reasons that follow, I would reverse the order of the Superior Court.

The Opinion in Support of Affirmance concludes that the requirement of equivalent offenses is satisfied if the extra-jurisdictional offense of which a defendant was previously convicted is "substantially similar". Substantial similarity is satisfied where the statutes of the different jurisdictions proscribe the same general conduct, notwithstanding the fact that the statutes require differing degrees of culpability before criminal liability attaches. In my view, such a test alters the meaning of equivalency, and more importantly, potentially subjects a Pennsylvania offender to a harsher penalty due to the fortuitous circumstance that he had been convicted of a crime for actions in another jurisdiction which, if committed in Pennsylvania, may not have been criminal. I cannot attribute such an intent to our legislature. In my view, the provision imposing greater punishment for "equivalent" offenses must at a minimum mean convictions which required proof that would support a conviction under Pennsylvania law.

In common parlance, "equivalent" is defined as "equal in substance, degree, value, force, or meaning", and in Mathematics as "equal" or "having identical corresponding parts". THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 443 (1981 ed.). "Similar", by contrast, is defined as "showing some resemblance; ... alike though not identical." *Id.* at 1206. As will be noted, equivalent implies a degree of symmetry which may be approached but not achieved by a finding of substantial similarity. In the context of the subject mandatory sentencing provision of Pennsylvania's Vehicle Code, the Superior Court has explained that an "equivalent offense is that which is substantially identical in nature and definition as the out-of-state or federal offense." *Commonwealth v. Whisnant*, 390 Pa.Super. 192, 568 A.2d 259, 260 (Pa.Super.1990)(quoting *Commonwealth v. Bolden*, 367 Pa.Super. 333, 532 A.2d 1172, 1177 (Pa.Super.1987)). The Superior

Court declared that the "fundamental inquiry in determining offense equivalency is the elements of the offense." *Id.*

The Opinion in Support of Affirmance quotes this precise language in purporting to follow the precedents set forth in *Bolden, supra,* and *Whisnant, supra.* However, it fails to accord controlling effect to critical differences between the elements of the Maryland offenses for which Appellant was convicted and the Pennsylvania offense of Driving Under the Influence, and instead would require mere similarity, rather than equivalence between the offenses for the mandatory recidivist sentencing provisions of 75 Pa.C.S. § 3731 to apply. As the Commonwealth concedes, the Maryland and Pennsylvania statutes, while similar, differ in the degree of intoxication required to support a conviction. The Pennsylvania statute specifically recognizes that alcohol intoxication can be measured by degree, and a conviction cannot be had unless the Commonwealth proves beyond a reasonable doubt that the defendant either was intoxicated to a degree which rendered him or her incapable of safe driving or had a percentage of alcohol in his or her bloodstream of 0.10% or greater. Though a blood alcohol content of 0.10% constituted *prima facie* evidence of intoxication, the State of Maryland was not required to prove either fact as an element of Appellant's previous convictions under Maryland's Driving While Intoxicated statute. MD.CODE ANN., TRANSP. § 21–902 (amended 1995).

The Opinion in Support of Affirmance relies upon the proposition that a determination of equivalence can be based upon the similar policy objectives of each statute. This fails to take account of the fact that different jurisdictions may disagree as to the range of conduct it is necessary to proscribe in order to achieve the same objective through the criminal law.[1]

1. For instance, all American jurisdictions have sought to reduce traffic fatalities by criminalizing the operation of motor vehicles while under the influence of alcohol, yet there is no unanimous agreement as to what percentage concentration of alcohol in the bloodstream while driving should automatically carry a criminal sanction. Compare ALA. CODE § 32–5A–191(a)(1) (1998) (0.08%), with ARK.CODE ANN. § 5–65–103(b) (1997) (0.10%).

In focusing upon the similar policy objectives served by the statutes under comparison, the focus is improperly shifted from the conduct which is criminal in Pennsylvania to the evil to be remedied by that criminalization. This shift in focus goes further than ensuring that drunk driving offenders do not escape an appropriate sanction for acts considered criminal in Pennsylvania merely because they were committed elsewhere. This interpretation of the statute would require courts to impose harsh penalties because of out-of-state convictions for acts which, because the other jurisdiction has defined the offense to require proof of fewer facts or a lesser degree of impairment than presently required in Pennsylvania, would not support a criminal conviction in this Commonwealth.

In devising a legal test to determine whether an extra-jurisdictional offense is equivalent to a Pennsylvania offense, this court must seek to ensure that the proof which is necessary to support a conviction under the foreign statute would likewise necessarily satisfy the requirements to secure a conviction under Pennsylvania law. The only test which can accomplish this goal is one of comparing the essential elements of each offense. If, as here, Pennsylvania law requires proof beyond a reasonable doubt of one or more facts in addition to those required by the other jurisdiction the offenses simply cannot be found to be equivalent under the pretense of fulfilling the legislative intent. The clearest indication of the intent of the Legislature is the minimum proof it has required to invoke the sanction of the criminal law.

Therefore, I would hold that the sine qua non of equivalence for purposes of the mandatory sentencing provisions contained in 75 Pa.C.S. § 3731 is a comparison of the elements of the out-of-state offense for which the defendant was previously convicted with the elements of the offense for which he is to be sentenced under Pennsylvania law. The offenses are equivalent where the proof required for the previous convictions would necessarily satisfy every element necessary to sustain a conviction under 75 Pa.C.S. § 3731.

Because the Maryland statute under which Appellant was previously convicted required neither proof beyond a reasonable doubt that he had consumed enough alcohol to render him incapable of safe driving, nor that his blood alcohol content exceeded 0.10% the previous offenses were not equivalent to that for which he was sentenced in this case. Therefore the recidivist sentencing provision in 75 Pa.C.S. § 3731(e)(1)(iv) does not apply.

For these reasons, I would reverse.

Chief Justice FLAHERTY and Justice ZAPPALA join in this Opinion in Support of Reversal.