J-S19007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| LAMAR SHAREEF CRUMPLER | : | |
| | : | |
| Appellant | : | No. 1473 MDA 2016 |

Appeal from the Judgment of Sentence August 10, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001569-2014

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.: **FILED APRIL 19, 2017**

Appellant, Lamar Shareef Crumpler, appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas, following his jury trial convictions of two counts of persons not to possess firearms pursuant to 18 Pa.C.S.A. § 6105(a). We affirm.

The relevant facts and procedural history of this case are as follows. State Trooper Rodney Fink utilized a confidential informant to conduct a controlled purchase of heroin from Appellant in Franklin County on July 24, 2014, and August 5, 2014. As a result, Trooper Fink executed a search warrant at Appellant's home on August 6, 2014, and recovered two firearms, heroin and marijuana packaged for sale, drug paraphernalia, and over $12,000.00.

The Commonwealth charged Appellant with two counts each of

_____

*Former Justice specially assigned to the Superior Court.

persons not to possess firearms, delivery of a controlled substance, possession with the intent to deliver a controlled substance ("PWID"), criminal use of a communication facility, and one count of drug paraphernalia. On July 27, 2015, Appellant pled guilty to the seven drug-related counts and received a trial date for his two firearms charges. The court sentenced Appellant on September 2, 2015, to an aggregate term of four (4) to eight (8) years' imprisonment for the drug convictions. Appellant did not file a direct appeal. Instead, on June 10, 2016, Appellant timely filed a *pro se* PCRA petition related to the drug convictions.

On July 5, 2016, Appellant proceeded to a jury trial on his two firearms charges. At trial, the Commonwealth sought to offer evidence of Appellant's prior conviction to establish that he was prohibited from possessing a firearm under Section 6105. Appellant objected to the Commonwealth's proffer of testimony from Detective Tony Brown of the Newark Police Department, regarding Appellant's prior conviction. Appellant made no offer to stipulate to his prior conviction. Rather, Appellant argued that his prior conviction was a "precondition" to charges under Section 6105; the prior conviction was not an element of the Section 6105 offense. Therefore, Detective Brown's testimony was irrelevant to Appellant's current firearms charges. The court overruled the objection. Detective Brown testified that on February 27, 2001, he arrested an individual named Khalib Forbes in New Jersey for possession with intent to deliver cocaine within 1,000 feet of a

school zone, which carries a sentence of three (3) to five (5) years' imprisonment.  *See* N.J.S.A. §§ 2C:35-7(a), 2C:43-6.  Detective Brown identified Appellant as the person he had arrested on February 27, 2001, explained that Appellant had used the name Khalib Forbes as an alias, and established that Appellant had pled guilty to that charge.

The jury convicted Appellant of both counts of persons not to possess firearms.  On August 10, 2016, the court sentenced Appellant to an aggregate term of five (5) to ten (10) years' imprisonment for the firearms convictions.  Appellant timely filed a notice of appeal on September 7, 2016, and the court ordered him to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).  Around the same time, Appellant filed a motion to withdraw his *pro se* PCRA petition, which the court granted, and reinstated his direct appeal rights *nunc pro tunc* from his September 2, 2015 judgment of sentence.  Appellant timely filed an amended notice of appeal on September 20, 2016, to include his September 2, 2015 judgment of sentence.  On September 21, 2016, the court ordered Appellant to file a new Rule 1925(b) statement encompassing both judgments of sentence, which he timely filed on October 11, 2016.

Appellant raises three issues for our review:

> IS A PRIOR CONVICTION OF AN ENUMERATED OFFENSE AN ELEMENT OF 18 PA.C.S.A. § 6105(A)?
>
> DID THE TRIAL COURT ERR IN TREATING A PRIOR CONVICTION OF AN ENUMERATED OFFENSE AS AN ELEMENT OF 18 PA.C.S.A. § 6105(A) AND ALLOWING

TESTIMONY RELATIVE TO A PRIOR CONVICTION OF AN ENUMERATED OFFENSE TO BE PRESENTED TO THE JURY?

DID THE TRIAL COURT ERR BY INSTRUCTING THE JURY TO CONSIDER EVIDENCE OF A PRIOR CONVICTION OF AN ENUMERATED OFFENSE AS AN ELEMENT OF 18 PA.C.S.A. § 6105(A), AND TO MAKE A DETERMINATION OF EQUIVALENCY BETWEEN…CONVICTIONS UNDER NEW JERSEY AND PENNSYLVANIA STATUTES?

(Appellant's Brief at 8).

For purposes of disposition, we combine Appellant's issues. Appellant's overarching argument is that a prior conviction of an enumerated offense is not an element of Section 6105 to be submitted to the jury. Appellant cites **Commonwealth v. Keiper**, 887 A.2d 317 (Pa.Super. 2005) for the proposition that a prior conviction of an enumerated offense is merely a "precondition" to a charge under Section 6105. Appellant insists the court improperly interpreted Section 6105 when it determined Appellant's prior New Jersey conviction was an element of the current offenses. For this reason, Appellant states evidence of his prior conviction was irrelevant at trial. Appellant also maintains the jury should not have heard about his prior conviction because that evidence was unduly prejudicial.

In a related vein, Appellant complains the court specifically instructed the jury to consider Appellant's prior conviction as an element of the current offenses. Appellant asserts the instruction portrayed him as a person who sold drugs to school kids.

Likewise, Appellant insinuates the verdict slip induced the jury to make an unnecessary determination that Appellant's prior New Jersey conviction was equivalent to an enumerated felony under Section 6105. For these reasons, Appellant concludes he is entitled to a new trial. We disagree with Appellant's contentions.

"[T]he trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa.Super. 2008). ***See also Commonwealth v. Veon***, ___ Pa. ___, ___ 150 A.3d 435, 444 (2016) (reiterating: "Statutory interpretation presents a question of law, which we resolve *de novo*").

Section 6105 of the Pennsylvania Uniform Firearms Act describes in pertinent part the offense of persons not to possess firearms:

> **§ 6105.  Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a)    Offense defined.—**
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.
>
> *    *    *
>
> **(c)    Other persons.—**In addition to any person who has been convicted of any offense listed under subsection

(b), the following persons shall be subject to the prohibition of subsection (a):

\* \* \*

(2) A person who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years.

\* \* \*

18 Pa.C.S.A. § 6105(a)(1), (c)(2). Pennsylvania's PWID statute is Section 780-113(a)(30) and in pertinent part provides:

### § 780-113. Prohibited acts; penalties

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

\* \* \*

35 P.S. § 780-113(a)(30). New Jersey's general PWID statute is found at Section 35-5 of The New Jersey Code of Criminal Justice, and provides in part:

### 2C:35-5. Manufacturing, distributing or dispensing

(a) …[I]t shall be unlawful for any person knowingly or purposely:

(1) To manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog.

N.J.S.A. § 2C:35-5(a)(1). The New Jersey Code of Criminal Justice also states in relevant part:

**2C:35-7. Distributing, dispensing or possessing controlled dangerous substance or controlled substance analog on or within 1,000 feet of school property or bus; penalty; defenses; approved or revised map; prima facie evidence; official record**

(a) Any person who violates subsection a. of N.J.S. 2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance...within 1,000 feet of…school property…is guilty of a crime of the third degree and shall…be sentenced by the court to a term of imprisonment. …

N.J.S.A. § 2C:35-7(a). Under New Jersey law, a person convicted of PWID within 1,000 feet of a school zone is subject to a sentence of at least three years' imprisonment. *See* N.J.S.A. § 2C:43-6(a)(3).

A prior conviction of a specific, enumerated offense, or an equivalent offense of another jurisdiction, is an essential element of the crime of persons not to possess firearms under Section 6105. ***Commonwealth v. Jemison***, 626 Pa. 489, 98 A.3d 1254 (2014). The defendant can offer to stipulate that his prior conviction disqualified him from possessing a firearm under Section 6105. ***Id.*** The Commonwealth, however, is under no obligation to agree to the defendant's stipulation. ***Id.*** The Commonwealth

can have the specific nature of the defendant's prior conviction admitted into evidence, over Appellant's objection, to establish the prior-conviction element of Section 6105. ***Id.*** The defendant is not subject to *per se* unfair prejudice simply because the Commonwealth presents evidence of the specific offense to establish the prior-conviction element of Section 6105. ***Id.*** Any unfair prejudice depends on the facts and circumstances of the particular case. ***Id.***

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." ***Commonwealth v. Mitchell***, 588 Pa. 19, 56, 902 A.2d 430, 452 (2006), *cert. denied*, 549 U.S. 1169, 127 S.Ct. 1126, 166 L.Ed.2d 897 (2007). ***See also Commonwealth v. Drumheller***, 570 Pa. 117, 135, 808 A.2d 893, 904 (2002), *cert. denied*, 539 U.S. 919, 123 S.Ct. 2284, 156 L.Ed.2d 137 (2003) (quoting ***Commonwealth v. Stallworth***, 566 Pa. 349, 363, 781 A.2d 110, 117 (2001)). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Commonwealth v. McClure***, 144 A.3d 970, 975 (Pa.Super. 2016).

Relevance is the threshold for admissibility of evidence. ***Commonwealth v. Cook***, 597 Pa. 572, 602, 952 A.2d 594, 612 (2008).

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Pa.R.E. 401. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." **Drumheller**, **supra** at 135, 808 A.2d at 904. Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Pa.R.E. 403. "Unfair prejudice" means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially. **Id.** "Evidence will not be prohibited merely because it is harmful to the defendant." **Commonwealth v. Dillon**, 592 Pa. 351, 367, 925 A.2d 131, 141 (2007).

An equivalent offense of another jurisdiction "is that which is substantially identical in nature and definition as the out-of-state or federal offense when compared with the Pennsylvania offense." **Commonwealth v. Bolden**, 532 A.2d 1172, 1176 (Pa.Super. 1987). "To determine the issue of equivalency, the necessary focus is on the elements of the offenses." **Freeman v. Pennsylvania State Police**, 2 A.3d 1259, 1262 (Pa.Cmwlth. 2010). "[I]t is the offense and not the statute of the other [jurisdiction] that

must be essentially similar to the offense proscribed in Pennsylvania." ***Id.***
Furthermore, we also compare "the conduct to be prohibited and the underlying public policy of the two statutes." ***Commonwealth v. Robertson***, 555 Pa. 72, 76, 722 A.2d 1047, 1049 (1999).

When reviewing a challenge to a jury instruction:

> [W]e must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

***Commonwealth v. Baker***, 963 A.2d 495, 507 (Pa.Super. 2008), *appeal denied*, 606 Pa. 644, 992 A.2d 885 (2010) (quoting ***Commonwealth v. Jones***, 954 A.2d 1194, 1198 (Pa.Super. 2008), *appeal denied*, 599 Pa. 708, 962 A.2d 1196 (2008)). Importantly, a specific and timely objection is essential to preserve a challenge to a particular jury instruction. ***Commonwealth v. Forbes***, 867 A.2d 1268, 1274 (Pa.Super. 2005).

> Moreover, the failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue. ***See Commonwealth v. Shamsud–Din***, 995 A.2d 1224, 1226 (Pa.Super. 2010) (reiterating failure to object to jury instruction constitutes waiver of error in charge); ***Commonwealth v. duPont***, 730 A.2d 970, 984–85 (Pa.Super. 1999), *appeal denied*, 561 Pa. 669, 749 A.2d 466 (2000), *cert. denied*, 530 U.S. 1231, 120 S.Ct. 2663, 147 L.Ed.2d 276 (2000) (stating failure to object to particular verdict sheet constitutes waiver of its use).

***Commonwealth v. Houck***, 102 A.3d 443, 451 (Pa.Super. 2014). "If

- 10 -

counsel states the grounds for an objection, then all other unspecified grounds are waived and cannot be raised for the first time on appeal." **Commonwealth v. Lopez**, 57 A.3d 74, 82 (Pa.Super. 2012), *appeal denied*, 619 Pa. 678, 62 A.3d 379 (2013). **See also** Pa.R.A.P. 302(a) (stating issues not raised before trial court are waived and cannot be raised for first time on appeal).

Instantly, the Commonwealth charged Appellant with various offenses, including two counts of persons not to possess firearms. At trial, the court allowed the jury to hear Detective Brown's testimony concerning Appellant's prior New Jersey PWID conviction. Appellant's sole objection to the testimony was based on its relevance to the current firearms charges. Nevertheless, **Jemison** makes clear that a prior conviction is an element of the charge of persons not to possess firearms. Detective Brown's testimony was relevant and material to identify and connect Appellant with his prior New Jersey conviction, particularly where Appellant had used an alias in that prosecution, and to establish its equivalence to an enumerated offense under Section 6105. Detective Brown identified Appellant through the fingerprints taken during the New Jersey action and established that Appellant had pled guilty to a crime which the jury had to decide was the functional equivalent of an enumerated offense under Section 6105. Given the **Jemison** decision that the prior conviction is an element of the offense at issue, Appellant's reliance on the "precondition" language in **Keiper** is

misplaced. **See Jemison, supra** at 501, 98 A.3d at 1261. Thus, we conclude the evidence of Appellant's New Jersey PWID conviction was relevant at trial to establish identification of Appellant and the equivalency of the New Jersey conviction for Section 6105 purposes.

To the extent Appellant complains on appeal that the evidence of his New Jersey conviction, along with the court's jury instruction and the verdict sheet, was unfairly prejudicial, these claims are waived. Appellant's sole objection at trial (to the admission of evidence of his New Jersey conviction and the jury instructions) was that a prior conviction is merely a "precondition" to a charge under Section 6105, citing **Keiper**, and therefore irrelevant. Appellant failed to object at any time to the evidence, the points for charge, or the verdict sheet, on the basis of unfair prejudice. **See Houck, supra**; **Lopez, supra**; Pa.R.A.P. 302(a).

Additionally, Appellant's unfair prejudice claims are undeveloped and vague on appeal. Appellant's arguments for these claims consist of a few conclusory statements, which lack any cogent nexus between relevant law and the facts of his case. Thus, Appellant's unfair prejudice claims on appeal are waived on this ground as well. **See Commonwealth v. Johnson**, 604 Pa. 176, 985 A.2d 915 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (explaining appellant waives issue on appeal where he fails to present claim with citations to relevant authority or develop issue in meaningful fashion capable of review). Based upon the foregoing, we

conclude Appellant's challenge to the admission of his New Jersey conviction merits no relief; and his issues regarding unfair prejudice at trial are waived. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017