2019 PA Super 22

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | Appellant | |
| | v. | |
| JOHN CYRAN, | | |
| | Appellee | No. 578 WDA 2018 |

Appeal from the Order Entered April 6, 2018
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-35-CR-0000160-2017

BEFORE:   GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

OPINION BY BENDER, P.J.E.:                    FILED FEBRUARY 1, 2019

The Commonwealth appeals from the trial court's April 6, 2018 order dismissing 27 counts of possession of a firearm, 18 Pa.C.S. § 6105(a)(1), charged against Appellee, John Cyran.  After careful review, we affirm.

On July 14, 2017, Appellee was involved in an altercation, during which he allegedly pointed a firearm at the victim and threatened him.  A subsequent search of Appellee's home revealed 27 firearms, and the Commonwealth charged him with 27 counts of possession of a firearm by a person prohibited.  That offense is defined as follows:

> (a) Offense defined.--
>
> > (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain

a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1) (emphasis added).

While Appellee has not been convicted in Pennsylvania of an offense enumerated in section 6105(b), that provision also includes "[a]ny offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States." 18 Pa.C.S. § 6105(b). Here, Appellee was previously convicted in New York of tampering with a witness, a crime which is defined as follows:

> A person is guilty of tampering with a witness when, knowing that a person is or is about to be called as a witness in an action or proceeding, (a) he wrongfully induces or attempts to induce such person to absent himself from, or otherwise to avoid or seek to avoid appearing or testifying at, such action or proceeding, or (b) he knowingly makes any false statement or practices any fraud or deceit with intent to affect the testimony of such person.

N.Y.P.L. § 215.10. According to the Commonwealth, this offense is equivalent to Pennsylvania's crime of intimidation of a witness, which is an enumerated offense under section 6105(b), and is defined as follows:

> (a) Offense defined.--A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:
>
> > (1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.
> >
> > (2) Give any false or misleading information or testimony relating to the commission of any crime to any law enforcement officer, prosecuting official or judge.

(3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

(4) Give any false or misleading information or testimony or refrain from giving any testimony, information, document or thing, relating to the commission of a crime, to an attorney representing a criminal defendant.

(5) Elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence.

(6) Absent himself from any proceeding or investigation to which he has been legally summoned.

18 Pa.C.S. § 4952(a).

Based on its determination that N.Y.P.L. § 215.10 set forth an offense that is equivalent to the offense defined by section 4952, the Commonwealth charged Appellee with the 27 counts of possession of a firearm by a person prohibited under section 6105(a)(1). Appellee, however, disagreed that the crimes are equivalent and, thus, he filed an omnibus pretrial motion seeking the dismissal of his charges under section 6105(a)(1). Following a hearing on March 5, 2018, the trial court was persuaded by Appellee's position; thus, it issued an order and accompanying opinion on April 6, 2018, granting his motion and dismissing the 27 counts of possession of a firearm by a person prohibited.

The Commonwealth filed a timely notice of appeal, certifying that the court's order substantially handicaps or terminates its prosecution of Appellee's case. See Pa.R.A.P. 311(d). The trial court did not direct the Commonwealth to file a Pa.R.A.P. 1925(b) statement, and it issued a Rule

1925(a) statement indicating that it was relying on the rationale set forth in its April 6, 2018 opinion to support its dismissal of the at-issue charges. Herein, the Commonwealth presents one claim for our review:

1. Did the [t]rial [c]ourt commit an error or law or abuse its discretion where it concluded that [N.Y.P.L. §] 215.10 (Tampering with a Witness) was not substantially similar to 18 Pa.C.S.[] § 4952 (Intimidation of a Witness), thus terminating or substantially handicapping the Commonwealth's case against [Appellee] for possession of firearms in violation of 18 Pa.C.S.[] § 6105(a)(1)?

Commonwealth's Brief at 2.

The issue before this Court is whether New York's tampering with a witness offense is equivalent to Pennsylvania's intimidation of a witness crime, such that Appellee's New York conviction makes him a person prohibited from possessing a firearm under section 6105(a)(1). In Commonwealth v. Robertson, 722 A.2d 1047 (Pa. 1999), our Supreme Court defined an 'equivalent offense' as being one "which is substantially identical in nature and definition as the out-of-state or federal offense when compared to the Pennsylvania offense." Id. at 1049 (emphasis and citation omitted). The Robertson Court further elucidated that, in determining whether offenses are substantially identical, a court should compare the requisite elements of the crime, including the actus reus and the mens rea. Id. Additionally, not only must the elements of the crimes be compared, but we must also compare "the conduct to be prohibited and the underlying public policy of the two statutes." Id.

In the present case, the Commonwealth first avers that the at-issue offenses have equivalent elements. Specifically, the Commonwealth insists that they share the same mens rea of "knowingly" engaging in the proscribed conduct. Commonwealth's Brief at 7. Regarding the actus reus element of each crime, the Commonwealth argues as follows:

> Section 6105 creates liability if a defendant "intimidates or attempts to intimidate any witness or victim to: . . . Withhold any testimony . . . [or] absent himself from any proceeding or investigation to which he has been legally summoned." 18 Pa.C.S. [§] 4952. Similarly, [N.Y.P.L. §] 215.10 creates liability when a defendant "wrongfully induces or attempts to induce [a witness] to absent himself from . . . [a] proceeding." N.Y.P.L. § 215.10. While [s]ection 4952 refers to "intimidation" and [N.Y.P.L. §] 215.10 refers to "inducement," the requisite action is the same, namely[,] coercing a witness who has been called to testify into changing their testimony or not appearing.

Id. at 7-8.

The Commonwealth's argument is unconvincing. While "[b]oth statutes seek to protect witnesses who are to be called to testify before a tribunal from coercion and require action be taken by the offender in order for a violation to occur[,]" we agree with the trial court that the crimes differ in what type of action by the offender is required. Trial Court Opinion, 4/6/18, at 4. Specifically, in Commonwealth v. Doughty, 126 A.3d 951 (Pa. 2015), our Supreme Court clarified that, in order to prove intimidation of a witness under section 4952, the Commonwealth must demonstrate intimidation, not merely inducement. Id. at 957. The Doughty Court stressed that an inducement — such as "an offer of a pecuniary or other benefit" — may contain "sufficient

indicia of intimidation" to constitute an offense under section 4952. Id. However, an offer of inducement alone, without proof of intimidation, will not suffice to establish the offense of intimidation of a witness. Id.

In contrast, the actus reus of New York's tampering-with-a-witness crime under N.Y.P.L. § 215.10 seemingly can be satisfied by mere inducement alone, as there are differing degrees of the offense of tampering with a witness, several of which have an actus reus that is more akin to intimidation than inducement. See N.Y.P.L. §§ 215.11, 215.12, 215.13. Additionally, New York has offenses of varying degrees that specifically refer to 'intimidating a victim or witness.' See N.Y.P.L. §§ 215.15, 215.16, 215.17. In fact, Appellee was charged with (and ultimately acquitted of) intimidating a victim or witness under N.Y.P.L. § 215.15; however, he was only convicted of tampering with a witness under N.Y.P.L. § 215.10.

In sum, because N.Y.P.L. § 215.10 refers only to the inducement of a witness, while section 4952 requires intimidation, the offenses do not share a substantially similar actus reus. Therefore, they are not equivalent crimes for purposes of section 6105(b), and the trial court did not err in dismissing Appellee's 27 counts under section 6105(a)(1).

Order affirmed.

President Judge Gantman joins this opinion.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/2019