J-S45035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DESJUANA CHARICE WASHINGTON | : | No. 464 EDA 2019 |

Appeal from the Order Entered January 11, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000898-2018

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               **FILED SEPTEMBER 04, 2019**

The Commonwealth appeals from the order of the Court of Common Pleas of Monroe County (trial court) dismissing with prejudice the charge of Persons Not to Possess a Firearm[1] against Desjuana Charice Washington (Washington).  After review, we affirm the trial court's order.

**I.**

Since our review is narrow, we need not recite the facts underlying Washington's charges.  Washington was involved in an incident in which she allegedly fired a shotgun and was charged with, among other offenses, Persons Not to Possess Firearms, which is defined as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

Besides those Pennsylvania offenses that are enumerated, Section 6105(b) includes "[a]ny offense **equivalent** to any of the above-enumerated offenses under the statutes of any other state or of the United States." 18 Pa.C.S. § 6105(b) (emphasis added).

The Commonwealth alleged that Washington was disqualified from possessing a firearm based on a 1999 New York state conviction for Burglary in the second degree, which it contends, is the equivalent of Pennsylvania's statute for Burglary, one of the enumerated offenses under Section 6105(b).

In N.Y. Penal Law § 140.25:

> A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when:
>
> > 1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:
> >
> > > (a) Is armed with explosives or a deadly weapon; or
> > >
> > > (b) Causes physical injury to any person who is not a participant in the crime; or
> > >
> > > (c) Uses or threatens the immediate use of a dangerous instrument; or
> > >
> > > (d) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or

2. The building is a dwelling.

According to the Commonwealth, Washington was convicted under subsection (1)(d) of the New York statute.

Under Section 3502 of the Pennsylvania Crimes Code, the offense of Burglary is defined as follows:

**(a) Offense defined.--**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein;

(ii) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;

(2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;

(3) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense any person is present; or

(4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

18 Pa.C.S. § 3502(a).

Washington filed a pretrial petition for *habeas corpus* to dismiss the firearms offense arguing that the New York Burglary statute was not

equivalent to Pennsylvania's Burglary statute. After an evidentiary hearing, the trial court agreed with Washington and dismissed with prejudice the firearms offense.[2] In holding that the New York and Pennsylvania Burglary statutes were not equivalent, the trial court emphasized that the New York statute "requires the defendant to knowingly enter or remain unlawfully in a building while the Pennsylvania statute has no such intentional element." Trial Court Opinion, 1/11/19, at 7 (emphasis added). As a result, the trial court noted that New York criminalizes a broader set of conduct than Pennsylvania where the defendant remains unlawfully in a building.

The Commonwealth timely appealed and certified that the trial court's order substantially handicapped its prosecution of Washington, **see** Pa.R.A.P. 311(d), and now raises one issue for our review: whether the New York Burglary statute constitutes an equivalent offense to Pennsylvania's Burglary statute.[3]

---

[2] The Commonwealth also alleged Washington was disqualified based on a 2005 New York conviction for Criminal Possession of a Controlled Substance, N.Y. Penal Law § 220.16(12). Section 6105(c)(2) prohibits the possession or use of firearms by any person who has been convicted of an offense under Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years. 18 Pa.C.S. § 6105(c)(2). The trial court determined that Washington's 2005 conviction did not qualify as an equivalent offense, and the Commonwealth has abandoned this theory by not raising it in its brief.

[3] "We review a decision to grant a pre-trial petition for a writ of *habeas corpus* by examining the evidence and reasonable inferences derived therefrom in a

**II.**

Recently, this Court reviewed what constitutes an "equivalent offense" under Section 6105(b):

> In **Commonwealth v. Robertson**, 555 Pa. 72, 722 A.2d 1047 (1999), our Supreme Court defined an "equivalent offense" as being one "which is substantially identical in nature and definition as the out-of-state or federal offense when compared to the Pennsylvania offense." **Id**. at 1049 (emphasis and citation omitted). The **Robertson** Court further elucidated that, in determining whether offenses are substantially identical, a court should compare the requisite elements of the crime, including the *actus reus* and the *mens rea.* **Id**. Additionally, not only must the elements of the crimes be compared, but we must also compare "the conduct to be prohibited and the underlying public policy of the two statutes." **Id**.

**Commonwealth v. Cyran**, 203 A.3d 1012, 1015 (Pa. Super. 2019).

Moreover, we do not look to see if the conduct of which the defendant is accused would be deemed culpable under both statutes to determine if they are equivalent because the focus is not on the facts underlying a conviction, but rather on the statute that triggered the conviction. **Com. v. Northrip**, 985 A.2d 734, 740 (2009).

We agree with the trial court's conclusion that the two statutes are not substantially similar. First, the statutes have different scienter requirements concerning the person's entrance into a building. Under the New York statute,

---

light most favorable to the Commonwealth. Whether the Commonwealth satisfied its burden of establishing a *prima facie* case for each charged crime is a question of law, to which this Court's standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Wyatt**, 203 A.3d 1115, 1117 (Pa. Super. 2019) (internal quotations and citations omitted).

a defendant commits a Burglary where he "*knowingly* enters or remains unlawfully in a building." Pennsylvania, meanwhile, has no such scienter requirement.

Second, the New York statute is also broader than the Pennsylvania statute in that it criminalizes a defendant unlawfully remaining in a building after lawfully entering. In contrast, Pennsylvania's Burglary statute only criminalizes a defendant's unlawful entry, not unlawfully remaining. In fact, Pennsylvania's Burglary statute makes it a defense to the crime of Burglary if "[t]he actor is licensed or privileged to enter." 18 Pa.C.S. § 3502(b)(3).

Third, the New York Burglary statute differs from its Pennsylvania counterpart in that this New York Burglary statute requires the defendant to display a firearm or what appears to be a firearm during the course of the Burglary. Pennsylvania's Burglary statute has no such requirement.

Finally, we note that this analysis is in accord with the New York Supreme Court, Appellate Division, holding that the New York and Pennsylvania Burglary statutes are not equivalent offenses based on 18 Pa.C.S. § 3502(a) lacking an equivalent scienter requirement as the New York statute. **See People v. Funk**, 166 A.D.3d 1487, 1489 (N.Y.App.Div. 2018) ("Upon our review of Pennsylvania statutory and case law, there is no element in the Pennsylvania statute comparable to the element in the analogous New York statute that an intruder 'knowingly' enter or remain unlawfully in the premises ... [and t]he absence of this scienter requirement from the

- 6 -

Pennsylvania burglary statute renders improper the use of the Pennsylvania burglary conviction as the basis of the defendant's predicate felony adjudication[.]") (quoting **People v. Flores**, 143 A.D.3d 840, 840 (N.Y.App.Div. 2016)).

Because the New York Burglary statue is not the equivalent of any Pennsylvania Burglary statute, the Commonwealth has failed to establish that Washington had any conviction on her record that would criminalize her possession of a firearm under Section 6105. Accordingly, the trial court properly dismissed the charge of Possession of Firearm Prohibited.

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/19