J-S35024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE ALVARO GUTIERREZ-SANTANA | : | |
| | : | |
| Appellant | : | No. 141 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 30, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002079-2021

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: FEBRUARY 2, 2024**

Jose Alvaro Gutierrez-Santana appeals from the judgment of sentence entered following his convictions for persons not to possess firearms and firearms not to be carried without a license.[1] Gutierrez-Santana challenges the sufficiency of the evidence to sustain his conviction for persons not to possess firearms and the constitutionality of the firearms not to be carried without a license statute. We affirm.

In February 2021, Gutierrez-Santana was involved in a traffic stop during which a firearm was found on the ground next to where he was seated in the vehicle. A bench trial was held in May 2022. At trial, the parties stipulated that Gutierrez-Santana had a prior conviction in Puerto Rico for

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1), respectively.

conspiracy to commit racketeering under 18 U.S.C.A. § 1962(d), the federal Racketeer Influenced and Corrupt Organizations ("RICO") statute. At the conclusion of the trial, the court found Gutierrez-Santana guilty of the above-referenced offenses. He was sentenced to 90 to 180 months' incarceration. Gutierrez-Santana filed a post-sentence motion, which was denied. This appeal followed.

Gutierrez-Santana raises the following issues:

1. Whether the evidence was insufficient to convict [Gutierrez-Santana] of Persons Not to Possess - 18 Pa.C.S.A. [§] 6105? Specifically, the trial court found that [Gutierrez-Santana's] Federal RICO conviction was equivalent to 18 Pa.C.S.A. [§] 911 and that [Gutierrez-Santana] was therefore a prohibited person. [Gutierrez-Santana] does not believe that the charges are equivalent or that he is a prohibited person.

2. Whether [Gutierrez-Santana] cannot be convicted of 18 Pa.C.S.A. [§] 6106 in that the U.S. Supreme Court has found statutory licensing schemes that unduly restrict the ability to carry a firearm to be unlawful? ***See N.Y. State Rifle & Pistol Ass'n v. Bruen***, 142 S. Ct. 2111, 2156 (2022).

Gutierrez-Santana's Br. at 4.

Gutierrez-Santana first argues the evidence was insufficient to sustain a conviction for persons not to possess firearms under 18 Pa.C.S.A. § 6105.

Our standard of review of a challenge to the sufficiency of the evidence is *de novo*. **Commonwealth v. Rushing**, 99 A.3d 416, 420 (Pa. 2014). "[O]ur scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Id.** at 420-21. "Evidence will be

deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

To "convict a defendant for possession of a firearm by a prohibited person, the Commonwealth must prove the defendant was previously convicted of a specific offense enumerated in section 6105." ***Commonwealth v. Hewlett***, 189 A.3d 1004, 1009 (Pa.Super. 2018). Section 6105 provides:

**(a) Offense defined.--**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

Subsection (b) enumerates nearly 40 offenses. One such offense is corrupt organizations, 18 Pa.C.S.A. § 911. ***See*** 18 Pa.C.S.A. § 6105(b). Subsection (b) also contains a catch-all provision for "[a]ny offense equivalent to any of the above-enumerated offenses under the prior laws of this Commonwealth **or any offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States**." ***See id.*** (emphasis added).

Here, Gutierrez-Santana was previously convicted of conspiracy to commit racketeering under section 1962(d) of the federal RICO statute. He argues that his prior conviction under federal law is not substantially similar to a conviction for corrupt organizations under Pennsylvania law. Gutierrez-Santana's Br. at 7. He thus maintains that he was not prohibited from possessing a firearm in Pennsylvania. *Id.* at 8. He points out that Pennsylvania's prohibitions on possessing firearms under 18 Pa.C.S.A. § 6105 are different and narrower than the prohibitions under federal law. *Id.* He notes that his federal RICO conviction was for conspiracy to possess firearms and the definition of "racketeering activity" under Pennsylvania law does not include conspiracy to possess firearms. *Id.* at 14. He thus concludes that since he was not convicted of an enumerated offense under 18 Pa.C.S.A. § 6105, he could not be found guilty under that section. *Id.*

The issue before us is whether the federal RICO offense is "equivalent" to Pennsylvania's offense of corrupt organizations, such that Gutierrez-Santana's conviction under federal law renders him a person prohibited from possessing a firearm under section 6501.

An "equivalent offense" under section 6501(b) is an offense "which is substantially identical in nature and definition as the out-of-state or federal offense when compared to the Pennsylvania offense." **Commonwealth v. Cyran**, 203 A.3d 1012, 1015 (Pa.Super. 2019) (citation omitted). "[I]n determining whether offenses are substantially identical, a court should compare the requisite elements of the crime, including the *actus reus* and the

*mens rea*." ***Id.*** A court also must compare "the conduct to be prohibited and the underlying public policy of the two statutes." ***Id.*** (citation omitted).

The federal RICO statute provides:

**§ 1962. Prohibited activities**

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C.A. § 1962.

Under section 911 of the Pennsylvania Crimes Code, the offense of corrupt organizations provides, in relevant part:

**(b) Prohibited activities.--**

(1) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity in which such person participated as a principal, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in the acquisition of any interest in, or the establishment or operation of, any enterprise: Provided, however, That a purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issue held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern of racketeering activity after such purchase, do not amount in the aggregate to 1% of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer: Provided, further, That if, in any proceeding involving an alleged investment in violation of this subsection, it is established that over half of the defendant's aggregate income for a period of two or more years immediately preceding such investment was derived from a pattern of racketeering activity, a rebuttable presumption shall arise that such investment included income derived from such pattern of racketeering activity.

(2) It shall be unlawful for any person through a pattern of racketeering activity to acquire or maintain, directly or indirectly, any interest in or control of any enterprise.

(3) It shall be unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

(4) It shall be unlawful for any person to conspire to violate any of the provisions of paragraphs (1), (2) or (3) of this subsection.

18 Pa.C.S.A. § 911(b).

The trial court compared the elements of the two statutes and determined that Gutierrez-Santana's federal conviction was sufficiently similar to the disqualifying offense of corrupt organizations under 18 Pa.C.S.A. § 6105. Trial Court Memorandum Opinion, filed 1/9/23, at 7. We agree with the trial court's conclusion that the two statutes are substantially equivalent. While the federal statute contains language referencing interstate commerce in order to establish federal jurisdiction, and the Pennsylvania statute contains a rebuttable presumption regarding income derived from a pattern of racketeering activity, the two statutes contain identical elements of the underlying offenses. Moreover, Gutierrez-Santana was convicted under 18 U.S.C.A. § 1962(d), which states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of paragraphs (1), (2) or (3) of this subsection." This subsection is identical to subsection (4) of 18 Pa.C.S.A. § 911(b), albeit the Pennsylvania statute uses numbers instead of letters. Because the federal RICO statute is equivalent to the Pennsylvania corrupt organizations statute, the evidence was sufficient to sustain Gutierrez-Santana's conviction for persons not to possess firearms under 18 Pa.C.S.A. § 6105.

Gutierrez-Santana next maintains that the statute for firearms not to be carried without a license, 18 Pa.C.S.A. § 6106, is unconstitutional in light of the United States Supreme Court's recent decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). There, the Supreme Court found

that New York's statute that required a law-abiding citizen to prove "proper cause" to obtain an unrestricted license to carry a concealed firearm in public was unconstitutional. ***Bruen***, 597 U.S. at 11-12, 71. It held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." ***Id.*** at 10. Gutierrez-Santana argues that because Pennsylvania law similarly requires that a person allege a specific reason to obtain a license to carry a concealed firearm, Pennsylvania's statute is violative of the Second and Fourteenth Amendments in accordance with ***Bruen***. Gutierrez-Santana's Br. at 15, 17. We disagree.

Unlike the New York statute in ***Bruen***, the Pennsylvania statute for possessing a concealed firearm contains no discretionary requirement prior to the issuance of a license. As recognized in ***Bruen***, Pennsylvania is one of 43 states that is considered a "shall issue" jurisdiction, that is, a jurisdiction "where authorities must issue concealed-carry licenses whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability." ***Bruen***, 597 U.S. at 13, 13 n.1. Indeed, Pennsylvania's statute states: "Upon the receipt of an application for a license to carry a firearm, the sheriff **shall**, within 45 days, issue or refuse to issue a license on the basis of the investigation under subsection (d) and the accuracy of the information contained in the application." 18 Pa.C.S.A. § 6109(g) (emphasis added). Thus, ***Bruen*** is inapplicable and Gutierrez-Santana's issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>2/2/2024</u>