J-S01013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH E HAUCK JR. | : | |
| | : | |
| Appellant | : | No. 570 MDA 2023 |

Appeal from the PCRA Order Entered March 16, 2023
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000006-2020

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: MARCH 8, 2024**

Ralph E. Hauck, Jr. appeals from the order entered in the Union County Court of Common Pleas on March 16, 2023, denying his timely first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because we are constrained to conclude the PCRA court erred in holding trial counsel was not ineffective, we vacate Hauck's convictions for person not to possess a firearm under 18 Pa.C.S. § 6105 and remand for a new trial.

This Court has previously provided a summary of the facts in this case:

> On November 23, 2019, State Game Warden, Harold Cole, encountered Hauck while Hauck was hunting with a rifle. A few hours after that encounter, Warden Cole was informed that Hauck was a person not to possess a firearm. Later that same day, Warden Cole again encountered Hauck and confiscated his rifle. Hauck denied being a person not to possess and claimed that it was his brother who was prohibited from possessing or using a

_____

[*] Retired Senior Judge assigned to the Superior Court.

firearm. Warden Cole indicated that he would be investigating the matter. The warden returned the rifle to Hauck and admonished him not to use or possess a firearm until the matter was resolved. Thereafter, Warden Cole contacted the district attorney, who confirmed that Hauck had prior convictions which rendered him a person not to possess a firearm.

On December 4, 2019, less than two weeks after his encounter with Hauck, Warden Cole received a report that an individual had unlawfully shot a deer from the roadway. When Warden Cole arrived at the scene, he found a dead deer on the road behind Hauck's vehicle. Upon questioning, Hauck admitted to Warden Cole that he had shot the deer from his vehicle while on the roadway, and then trespassed on private property to retrieve and tag it. The warden observed a rifle on the front seat of Hauck's vehicle and recognized it as the same rifle he had briefly confiscated from Hauck on November 23, 2019. Hauck was arrested and charged with two counts of persons not to possess a firearm, and multiple violations of Pennsylvania's Game and Wildlife Code, including unlawful taking or possession of game or wildlife, unlawful devices and methods, shooting on or across highways, and trespass on private property.

A bench trial was conducted on January 29, 2021. At trial, the Commonwealth introduced evidence of the above incidents. Hauck did not testify, and his counsel did not contest that Hauck hunted with a rifle on the dates in question. Hauck stipulated to the admission of his criminal record and to the convictions which prevented him from possessing or using a firearm.[1] At the conclusion of trial, the court found Hauck guilty of all charges. On April 6, 2021, the trial court sentenced Hauck to concurrent prison terms of five to ten years on the two firearm charges. No additional sentence was imposed on the summary offenses under the Game and Wildlife Code.

---

[1] Specifically, trial counsel stipulated that Hauck's federal convictions under 18 U.S.C. § 1512, tampering with a witness, victim, or an informant, were equivalent to both intimidation of witnesses or victims, 18 Pa.C.S. § 4952, and retaliation against witness, victim or party, 18 Pa.C.S. § 4953, both enumerated offenses pursuant to 18 Pa.C.S. § 6105(b). *See* N.T. Bench Trial 1/29/21, 60-61.

- 2 -

***Commonwealth v. Hauck***, 848 MDA 2021 (Pa. Super. filed Jan. 19, 2022).

On November 28, 2022, Hauck filed a timely *pro se* PCRA petition alleging, among other claims, that trial counsel was ineffective for stipulating that his federal convictions under 18 U.S.C. § 1512(b)(1), (b)(2)(a), and (b)(3) were the equivalent of 18 Pa.C.S. §§ 4952 and 4953. After counsel was appointed, the PCRA court held a hearing on March 15, 2023. At the conclusion of the hearing, the PCRA court denied Hauck's PCRA petition. Hauck appealed.[2]

Hauck raises one issue on appeal:

Did the PCRA court err by determining that defense counsel was not ineffective for stipulating that the Appellant's prior convictions in federal court for "tampering with a witness, victim, or an informant" in violation of 18 U.S.C. §1512(b) would be the equivalent under 18 Pa.C.S. §6105(b) enumerated offenses relating to 18 Pa.C.S. §4952 [intimidation of witnesses or victims] and 18 Pa.C.S. §4953 [retaliation against witness, victim, or party]?

Appellant's Brief at 4 (capitalization removed).

Our standard and scope of review is well-settled:

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we

---

[2] The PCRA court ordered Hauck to file his Rule 1925(b) concise statement of errors complained of on appeal. Hauck complied and filed his Rule 1925(b) statement on May 4, 2023. ***See*** Pa.R.A.P. 1925(b).

may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Selenski***, 228 A.3d 8, 15 (Pa. Super. 2020) (citations omitted).

Counsel is presumed to be effective and a petitioner claiming ineffective assistance of counsel bears the burden of proving otherwise. ***See Strickland v. Washington***, 466 U.S. 668 (1984); ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The petitioner must show, by a preponderance of the evidence, that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) prejudice resulted. ***See Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001). Prejudice requires the petitioner to demonstrate "that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." ***Id.***

Hauck's claim of ineffective assistance of counsel centers around trial counsel's stipulation that Hauck's federal convictions under 18 U.S.C. § 1512, tampering with a witness, victim, or an informant, are the equivalent of Pennsylvania's intimidation of witnesses or victims under 18 Pa.C.S. § 4952 and retaliation against witness, victim or party under 18 Pa.C.S. § 4953. This stipulation was vital to Hauck's conviction for person not to possess a firearm, as both 18 Pa.C.S. §§ 4952 and 4953 are enumerated offenses under 18 Pa.C.S. § 6105(b). Without this stipulation, there was no evidence presented

at trial to show Hauck is a person not to possess a firearm under Pennsylvania's statute. Therefore, the claim is of arguable merit.

At the PCRA hearing, trial counsel testified that he did not recall whether he compared the federal statute to Pennsylvania's statutes before he stipulated that they were equivalent. **See** N.T. PCRA Hearing 3/15/23, 23. Trial counsel also noted that his file did not have any indication that he compared the statutes. **See id.** Trial counsel conceded that he should have compared the statutes prior to entering the stipulation and admitted he did not have a strategic basis for not doing so. **See id.** at 29. Clearly, then, there is no evidence to find that counsel had a reasonable basis for the stipulation he entered into with the Commonwealth.

Finally, we turn to prejudice. To determine if Hauck proved prejudice, *i.e.*, a reasonable probability that the result of the proceedings would have been different, the statutes must be compared to see if the federal statute of which Hauck was convicted is equivalent to an enumerated offense under section 6105(b). **See** 18 Pa.C.S. § 6105(b). If the statutes are equivalent, there would be no prejudice. The PCRA court found that the statutes, 18 U.S.C. § 1512 and 18 Pa.C.S. § 4952, were equivalent.[3] This is a question of law,

_____

[3] Trial counsel also stipulated that section 1512 was an equivalent to Pennsylvania's retaliation against witness, victim or party, 18 Pa.C.S. § 4953. While this was raised at the PCRA hearing, the trial court did not address section 4953 in its decision. It is clear to this Court that the statutes are not equivalent as there is no reference whatsoever within section 1512 to

*(Footnote Continued Next Page)*

accordingly our standard of review is *de novo* and our scope of review is plenary. *See Selenski*, 228 A.3d at 15.

In determining whether a federal or other statute is equivalent to one of the enumerated offenses under 18 Pa.C.S. § 6105(b), we must compare the elements of the crimes. *See Commonwealth v. Cyran*, 203 A.3d 1012, 1015 (Pa. Super. 2019); *Commonwealth v. Northrip*, 985 A.2d 734, 741 (Pa. 2009) (holding "the focus is on the crime for which the defendant was convicted, not the factual scenario underlying that crime."). Hauck, as relevant here, was convicted of tampering with a witness, victim, or an informant, under 18 U.S.C. §§ 1512(b)(1), (b)(2)(A), and (b)(3). In relevant part, section 1512(b) states:

> (b) Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with the intent to—
>
> (1) influence, delay, or prevent the testimony of any person in an official proceeding;
>
> (2) cause or induce any person to—
>
> (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding; …
>
> (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal

---

"retaliation," and section 4953 requires the acts be committed "in retaliation." *See* 18 U.S.C. § 1512(b); 18 Pa.C.S. § 4953(a).

offense or a violation of conditions of probation, parole, or release pending judicial proceedings … .

18 U.S.C. § 1512(b) (prior version in effect at time of Hauck's conviction). In comparison, Pennsylvania's intimidation of witnesses or victims states:

(a) Offense defined.--A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

(1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

(2) Give any false or misleading information or testimony relating to the commission of any crime to any law enforcement officer, prosecuting official or judge.

(3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

(4) Give any false or misleading information or testimony or refrain from giving any testimony, information, document or thing, relating to the commission of a crime, to an attorney representing a criminal defendant.

(5) Elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence.

(6) Absent himself from any proceeding or investigation to which he has been legally summoned.

18 Pa.C.S. § 4952(a).

The PCRA court found that these two statutes were equivalent. However, looking at the plain language of section 1512, Hauck could have been convicted without any intimidation, a clear requirement in Pennsylvania's

- 7 -

section 4952. Section 1512(b) allows a conviction if the defendant "uses intimidation, threatens, or *corruptly persuades* … ." 18 U.S.C. § 1512(b) (emphasis added). The Legislature did not define "corruptly persuades" within section 1512. Nor has the Supreme Court of the United States addressed what "corruptly persuades" means in this context. However, the Third Circuit has addressed "corruptly persuades." In **U.S. v. Farrell**, the Third Circuit held that "both attempting to *bribe* someone to *withhold* information and attempting to *persuade* someone to provide *false* information to federal investigators constitute 'corrupt persuasion' punishable under § 1512(b)." **U.S. v. Farrell**, 126 F.3d 484, 488 (3d Cir. 1997) (emphasis in original).

Our Supreme Court of Pennsylvania has addressed whether bribery, alone, would constitute intimidation in **Commonwealth v. Doughty**, 126 A.3d 951 (Pa. 2015). In **Doughty**, after he was charged with simple assault for physically assaulting his wife, Doughty repeatedly called his wife from prison. **Doughty**, 126 A.3d at 952. During one conversation, Doughty told his wife that if she was charged with making false statements, he would pay any fines imposed. **See id.** Doughty was then charged and convicted of intimidation of witnesses or victims, under section 4952. **See id.**

On appeal, Doughty challenged the sufficiency of the evidence for his conviction of intimidation of witnesses or victims. **See id.** Doughty "conceded he tendered a pecuniary benefit by offering to pay potential fines, but asserted such a fact related only to grading," arguing that offering a pecuniary benefit

did not constitute intimidation, as required under section 4952. *Id.* Our Supreme Court found that, because the Legislature replaced the word, "induce," with the word, "intimidate," when it repealed and replaced the statute, any inducement would not suffice for a conviction under section 4952. *See id.* at 957. The Court held that offering a pecuniary benefit, in and of itself, does not constitute intimidation. *See id.* The Court made clear that offering a pecuniary benefit could constitute intimidation in certain situations:

> intimidation may be accomplished with no words at all, for a mere look or posture can bully, threaten, coerce, frighten, or intimidate beyond question. It is equally true that an offer of benefit can be presented in such a Machiavellian manner as to contain an unarticulated act of intimidation. *See, e.g.,* The Godfather (Paramount Pictures 1972) ("I'm gonna make him an offer he can't refuse.").

*Id.* (one internal citation omitted). In other words, under Pennsylvania's statute prohibiting the intimidation of witnesses or victims, the Commonwealth must prove there was intimidation, not just inducement.

Because 18 U.S.C. § 1512, tampering with a witness, victim, or an informant, can be proven with a "corrupt persuasion," (or corrupt inducement) we cannot find that it is equivalent to Pennsylvania's statutes prohibiting the intimidation of witnesses or victim, which requires intimidation, not merely an inducement. Therefore, trial counsel's stipulation that the 18 U.S.C. §§ 1512(b) and 18 Pa.C.S. §§ 4952 and 4953 are equivalent prejudiced Hauck because, without this, there was no evidence to convict him of persons not to possess a firearm.

Based on the foregoing, we conclude Hauck pleaded and proved the three prongs required for a finding of ineffective assistance of counsel. Therefore, we are constrained to find that the trial court erred in denying Hauck's PCRA petition. We vacate his convictions for person not to possess a firearm and remand for a new trial.[4]

Order reversed. Judgment of sentence vacated. Case remanded for new trial on Counts 1 and 2. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/8/2024

---

[4] It is the general practice to remand for a new trial on successful claims of ineffective assistance of counsel. *See Commonwealth v. Young*, 35 A.3d 54, 64 (Pa. Super. 2011).